IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRODSKY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANTHONY P. KANE,<br><br>　　　　Respondent.　　　　　　　　　／ | No. C 06-02288 CRB<br><br>**ORDER** |

Now pending before the Court is a motion filed by the State of California ("Respondent"). The motion seeks dismissal of a petition for writ of habeas corpus filed by Clifford Brodsky ("Petitioner"), who is currently incarcerated at the Correctional Training Facility in Soledad, California. Respondent argues that the petition must be dismissed because Petitioner has failed to exhaust all of the claims advanced in his petition. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U. S. 509, 510 (1982). For the reasons set forth below, the Court hereby DENIES Respondent's motion to dismiss.

## BACKGROUND

In July of 1991, Petitioner pled guilty to conspiracy to commit second-degree murder. The underlying crime involved the attempted murder-for-hire of one of Petitioner's business associates. Under the terms of the plea agreement, Petitioner received an indeterminate sentence of fifteen-years-to-life. Further, the prosecutor agreed not to oppose Petitioner's release after he became eligible for parole, provided that Petitioner meet two conditions: (1)

that he remain free of disciplinary problems while incarcerated, and (2) that he cause no violence to befall any of the state's witnesses who would have testified against him.

Under the rules of the California prison system, and due to his own good behavior, Petitioner became eligible for release before spending fifteen total years incarcerated. Nonetheless, the California Board of Prison Terms ("BPT") has refused to grant him parole. The BPT denied him parole at hearings in 2001, 2002, 2003, and 2005. The BPT's ruling at the 2003 hearing is the subject of the present habeas petition.

In justifying its 2003 decision to deny parole, the BPT stated that Petitioner's offense "was carried out in a manner that demonstrated a disregard for the suffering of another human being," that "the motive was trivial and inexplicable," and that Petitioner's conduct "demonstrated a disregard for the suffering of another human being." (Petition Appx. A, Exh. E, at 57.) The BPT acknowledged Petitioner's lack of a prior criminal history, as well as his exemplary performance in prison and the many positive reports submitted on his behalf by prison authorities and others. (Id. at 58-59.) Despite his considerable progress, the BPT stated that Petitioner was still unsuitable for release. (Id. at 59-60.) Petitioner challenges the BPT's conclusion that he "would be an unreasonable risk of danger to society or a threat to public safety if released from prison." (Id. at 57.)

Petitioner intitially filed a petition for writ of habeas corpus in state court. The Los Angeles Superior Court denied relief, although it found that the BPT's factual findings were without support. (Petition Appx. A, Exh. H.) The California Court of Appeal affirmed. (Petition Appx. A, Exh. N.) The California Supreme Court summarily denied review. (Petition Appx. A, Exh. O.)

Petitioner then filed a habeas petition in this Court. The petition itself is 38 pages long. The supporting memorandum is 104 pages long. Neither the petition nor the supporting memorandum clearly demarcate the specific claims for habeas relief set forth therein. Instead, these documents both contain extensive discussions of the various ways in which the BPT's 2003 decision and the legal standards applicable to California parole proceedings allegedly run afoul of Petitioner's federal constitutional rights. Having reviewed

2

these two documents, Respondent argues that not all of the claims for relief presented in them have been exhausted in state court and that the petition must be dismissed.

## DISCUSSION

"To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly [present their] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.'" Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as amended, 247 F.3d 904 (9th Cir. 2001) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  Specifically, a federal habeas court must consider whether the prisoner's filings in state court included "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  Unless a petitioner first exhausts all of his claims in state court, a federal court must dismiss his petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."  Rose, 455 U.S. at 510.

Here, Respondent identifies nine putuatively unexhausted claims.  Four of these relate to Petitioner's argument that the evidentiary findings made by the BPT and in the state court decisions failed to comport with the federal Due Process Clause.  These four claims, as deciphered and set forth by Respondent, are as follows:

> 1. the state court's application and interpretation of Penal Code section 3041 is a subterfuge to evade the application of the established federal due process right to parole; therefore, the court is not bound by California Supreme Court's interpretation of section 3041 (Pet. Mem. of P. & A. at 56-59);
>
> 2. the state courts are applying the wrong level of evidentiary review by applying the some-evidence standard of judicial review which is contrary to clearly established United States Supreme Court law thereby eroding the due process rights of inmates (Pet. Mem. of P. & A. at 60-71, 87-89);
>
> 3. the preponderance of the evidence is the Board's standard of proof, and the Board failed to meet its burden of proof in violation of Petitioner's federal due process right (Pet. Mem. of P. & A. at 60-71);
>
> 4. the proper standard of judicial review is the substantial evidence test, and thus the Board's decision and the state court's ruling must be set aside for being contrary to clearly established U.S. Supreme Court law (Pet. mem. of P. & A. at 60-71, 88)[.]

3

1  Contrary to Respondent's assertion, these are not independent and unexhausted "claims" that
2  must be exhausted.  Instead, all four are *arguments* that relate to Petitioner's central claim
3  that the BPT's 2003 decision failed to comport with the Due Process Clause.  See Greenholtz
4  v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1 (1979) (finding that a state statute
5  mandating parole creates a liberty interest that may not be denied without due process of
6  law); McQuillion v. Duncan, 306 F.3d 895, 902 (2002) (holding that "California's parole
7  scheme gives rise to a cognizable liberty interest in release on parole").

8  With the first of these arguments, Respondent asserts that the California courts have
9  manipulated a state statute to evade the requirements of the Due Process Clause.  With the
10 second, third, and fourth of these arguments, Respondent asserts that the decisions rendered
11 by the BPT and the state courts failed to meet or apply the evidentiary "standard" required
12 under the Due Process Clause for making or evaluating parole decisions.  Simply put, these
13 unexhausted "claims" are not claims at all; they are arguments advanced by Petitioner in
14 support of a singular due process claim.  (Moreover, insofar as these "claims" argue that the
15 California courts applied the relevant constitutional principles incorrectly, Petitioner
16 correctly points out that it would not be possible for him to exhaust them in state court;
17 rather, these are the types of arguments that by definition must be made in federal habeas
18 proceedings about whether the decisions of the state courts were "contrary to, or an
19 unreasonable application of," clearly established Supreme Court precedent.  28 U.S.C. §
20 2254(d).)  In short, the four "claims" identified above were all fairly presented to the
21 California Court of Appeal and the California Supreme Court through Petitioner's argument
22 that the BPT's findings were deficient and failed to comport with the Due Process Clause.
23 See Mot. to Dismiss, Exh. 1, at 21-25.

24 Next, Respondent identifies three more putatitvely unexhausted "claims," each of
25 which pertains to the legal standards used in parole proceedings to determine whether a
26 prisoner remains a threat to society.  As identified by Respondent, these three claims are:

27   5.  the Board's parole suitability criteria regarding an inmate's commitment
       offense are overly vague, and thus void (Pet. Mem. of P. & A. at 71-77);
28

4

> 6. as applied by the Board and the Attorney General, the *Danneberg* decision renders the unsuitability factors used to determine parole eligibility unconstitutionally vague (Pet. Mem. of P. & A. at 57, 71-77);
>
> 7. the California Supreme Court's standard articulated in *Dannenberg* that the Board my deny parole based solely on the crime as long as there are facts which are "more than minimally necessary to convict" is overly vague, and thus void (Pet. Mem. of P. & A. at 88-89)[.]

All of these arguments assert the same thing: that the criteria used to justify Petitioner's continued detention are so vague as to be meaningless, and that they therefore run afoul of the Due Process Clause's requirement that the law provide reasonable notice of the sanctions to be faced by criminals (or prisoners). With the first of these three arguments, Petitioner asserts that the standard employed by the BPT was void for vagueness. With the second and third of these arguments, Petitioner asserts that the standard announced in *Dannenberg* and applied by the California courts in the state-court proceedings is so amorphous as to be unconstitutional. These three "claims" are really part and parcel of the same contention that Petitioner's parole determination was based upon unconstitutionally vague factors.

      The Court holds that Petitioner has exhausted this void-for-vagueness claim. In the table of contents of his Petition to the Supreme Court of California, Petitioner questions whether the "'especially heinous, atrocious, and cruel' language of the [BPT's] regulations governing parole [is] unconstitutionally vague." (Mot. to Dismiss, Exh. 1, at 2.) In addition, in the body of the petition, Petitioner argues that it was improper for the BPT to rely on factors "outside the scope of the specified regualtions" because such a process is "unconstitutionally vague" and gives prisoners "no idea what behavioral or offense circumstances render them unsuitable for parole." (Id. at 24.) The petition also contains some reference to cases discussing the constitutional requirement of specificity. (See id.) To be sure, Petitioner's presentation of this claim was not a model of clarity--the table of contents suggests that an entire section of the petition is dedicated to this void-for-vagueness claim, but no such corresponding section exists in the body of the petition. Nonetheless, the petition he submitted to the California Supreme Court does contain "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner

to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). For this reason, the Court finds that petitioner has adequately exhausted this claim.

Finally, Respondent purports to identify two additional unexhausted claims. As described by Respondent, these claims are:

> 8. the state court fact finding process is defective because the Board no longer has any type of check and balance system through its appeals (Pet. Mem. of P. & A. at 88-89); and
>
> 9. the claims and allegations regarding the Board's denial of Petitioner's parole in 2005 (Pet. Mem. P. & A. at 19-21) . . . .

Neither of these two items constitutes a "claim" that must be exhausted. The first is merely Petitioner's characterization of the BPT's procedures and an explanation as to why the BPT issued an allegedly unconstitutional decision; it is not a substantive claim for relief. The second item is merely extraneous factual information that Petitioner has included in his petition regarding his 2005 parole proceeding, which is not the subject of the pending habeas petition and cannot afford Petitioner a basis for habeas relief. As Petitioner forthrightly concedes, neither of these two items constitutes a claim that could support habeas relief.

Because the Court finds that Petitioner has exhausted all of the "claims" identified in Respondent's moving papers, Respondent's motion to dismiss is hereby DENIED.

## CONCLUSION

In reviewing Respondent's motion to dismiss, the Court has reviewed and scrutinized Petitioner's 38-page petition and 104-page memorandum. As noted above, the Court holds that the particular arguments identified by Respondent in these documents have been adequately exhausted in front of state tribunals. Nonetheless, the Court further finds that these documents do not always clearly demarcate the constitutional claims presented in them.

To assist the Court with the evaluation of his petition, and to assist the Respondent in answering it, Petitioner is hereby ORDERED to prepare a summary, not to exceed five pages in length, which shall set forth: (1) each discrete basis for his entitlement to habeas relief, and (2) a concise, one-to-two-paragraph explanation of the legal foundation for each discrete claim. Petitioner need not make arguments in support of the claims; he need only identify them. This summary brief does not, of course, supplant the petition or the memorandum

previously filed by the Petitioner. Instead, it will assist Respondent in answering the claims and the Court in deciding this habeas petition.

Respondent shall file, not later than forty-five (45) days after the filing of Petitioner's summary brief, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial and appellate record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition (though Respondent need not file a copy of documents already included by Petitioner in "Appendix A" to his petition). If the petitioner wishes to respond, he shall do so by filing a traverse within thirty (30) days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: January 11, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\2288\Order 2 motion to dismiss.wpd        7