IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRODSKY,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY P. KANE,<br><br>    Defendant._____/ | No. C 06-02288 CRB<br><br>**ORDER RE: MOTION**<br>**FOR RECONSIDERATION** |

       The California Superior Court held that the BPT's denial of parole was not a violation of Petitioner's due process rights because the facts underlying the crime were "more than the minimum necessary to sustain a conviction for conspiracy to commit second-degree murder." Pet. Appx., Ex. H, at 2 (citing In re Rosenkrantz, 29 Cal. 4th 616, 683 (2002)). For the reasons set forth in the Court's previous order, the Court finds that this holding by the state court was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Court reaches this conclusion notwithstanding any dicta in the state court's opinion about whether the facts of the underlying crime "fit squarely" under the rubric of the various state regulations governing parole proceedings. In a federal habeas proceeding, the critical constitutional standard is whether the BPT's decision is supported by "some evidence." Because the BPT's decision was so supported in this case, the California

1  Superior Court's decision was not contrary to, or an unreasonable application of, the federal
2  Due Process Clause.  The Court has considered, and rejects, Petitioner's argument that it was
3  improper for the BPT and the California court to consider the fact that his crime was
4  premeditated.  See Brodsky v. Kane, No. C-06-2288-CRB, at 14-15 & n.1 (N.D. Cal. July 24,
5  2007).  For these reasons, Petitioner's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 19, 2007



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE